White, J.
The first question in this case is, whether the foundings of fact by the court of common pleas against the defendant below, on the issues as to his alleged wilful absence and gross neglect of duty, were, for the purpose of determining the right of the plaintiff below to alimony, vacated by the appeal.
The findings as to these facts constituted the basis of the decree rendered by that court, both as to the alimony and the divorce.
It is contended by the counsel for the plaintiff below, that as the court of common pleas had exclusive jurisdiction of the question of divorce, the matters in issue upon which the decree of divorce was founded were to be regarded by the district court, on the trial of the appeal from the decree for alimony, as res adjudicata. They rely upon the general proposition, “ that the judgment of a court of exclusive juris; diction, directly upon the point, is conclusive upon the same matter, between the same parties, coming in question in another court, for a different purpose.”
But this proposition has no application where the matters adjudicated in the court below are pending on appeal.
In this case the appeal vacated the decree for alimony, and, unless limited by the statute, the effect of the appeal was to re-open for trial in the appellate court all the issues of fact upon which the rights of the parties in respect to alimony depended.
Hnder the-statute the wife is authorized to file her petition for alimony alone; or in case a petition for divorce.has been filed by the husband, she may file a cross petition for ali *510 mony, with, or without a prayer for the dissolution of the marriage contract.
On the subject of appeal the statute, .in addition to other cases named, provides, that, “in cases in which the court shall give judgment in favor of the wife, without granting a divorce, . . . and in cases where judgment is rendered for both divorce and alimony, either party may appeal from any final judgment- or order to the district court, as in other cases; . . . provided, also, that in cases where judgment is rendered for both divorce and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony.”
Under this statute the dissolution of the marriage decreed by the court below remained unaffected by the appeal; but for all the purposes of allowing or disallowing alimony, the case was as effectually opened upon its merits, in the appellate court, as it would have been in case the petition and the decree appealed from had been for alimony alone.
The second question is, whether the Indiana decree of divorce constitutes a defence to the claim for alimony.
It is not necessary in this case to examine the decisions favoring the doctrine that a foreign decree of divorce is void, where the defendant was non-resident, and there was no jurisdiction of his person except by constructive service; nor those which make the validity of such decree depend upon the place of the marriage, or of the offence.
The statute and the decisions of this State are to the effect, that the place of the marriage, of the offence, and the domicile of the defendant are not necessary to jurisdiction. It is sufficient here that the petitioning party has been a lonáfide resident of the State for the statutory period, and that the suit is instituted in the proper county. 1 S. & C. Stat. 513; Cooper v. Cooper, 7 Ohio, 594; Mansfield v. McIntire, 10 Ohio, 27.
The same rule prevails in many of the other States. Harding v. Alden, 9 Greenleaf's R. 140; Ditson v. Ditson, 4 Rhode Isl. R. 87; Tolen v. Tolen, 2 Blackf. R. 407; *511 Thompson v. The State, 28 Ala. R. 13; Gleason v. Gleason, 4 Wis. R. 64; 2 Bishop on Marriage and Divorce, Ch. XI.
The ground upon which the validity of these decrees is maintained is, that marriage, being a relation involving the social status of a party to it, the State of which the complaining party is a Toona-fide resident has the right to determine his matrimonial status; and, in view of the new relations that may be formed in consequence of the dissolution of the marriage, in the State where the decree is pronounced, that public policy requires the recognition of the validity of such decrees in other States.
But the principle upon which the validity of such decrees rests does not require that they should be allowed to operate in the foreign jurisdiction beyond the dissolution of the marriage. Harding v. Alden, supra; 2 Kent's Com. s. p. 110, note a.
In speaking to this point, Mr. Bishop, in his valuable work above referred to, says : “ The granting of a divorce by the one State, under these circumstances, does not interfere with the rights of the other State, or its apparently divorced subject. Probably the decree is not directly binding upon the person of such subject, unless he appears and answers to the suit, or, at least, has notice of it, served upon the person within the jurisdiction of the court rendering it. He is not necessarily bound by any collateral clause in it, as, that he pay alimony; and he only ceases to be a husband because he has ceased to have a wife.” 2 Bishop on M. & D., § 156 (731), § 170 (739).
In the present case, the marriage was solemnized in this State, where both the parties had their domicile until the desertion of the husband. The wife’s domicile remained unaffected by his desertion. She had no knowledge of the proceedings for divorce until after the filing of her present petition, and, if her allegations are true, the grounds upon which the husband obtained the divorce were false.
At the time of the offence this State was, and still is, the place of her domicile, and, on the facts alleged in her peti *512 tion, she would be entitled under our laws to either divorce or alimony, or both, at her election.
The question, therefore, is, whether the eaypa/rte decree can be made available, not merely to effect a dissolution of the marriage, but to defeat the right of the petitioner to the alimony which the statute, upon the facts as they exist in regard to the husband’s desertion, intended to provide for her.
"We think the decree ought not to have such effect.
In arriving at this conclusion we make no distinction between a decree rendered, under the circumstances of this case, in a foreign, and one rendered in a domestic forum.
In either case, do give to a decree thus obtained the effect claimed for it, would be to allow it to work a fraud upon the pecuniary lights of the wife. Such a result, in our opinion, is rendered necessary by no principle of comity or public policy — the only grounds upon which ex-panrte decrees of divorce are authorized and supported.
It is not essential to the allowance 'of alimony that the marriage relation should subsist up to the time it is allowed. On appeal, alimony may be decreed by the district court, notwithstanding the subsisting divorce pronounced by the court of common pleas. It is true the statute speaks of the allowance as being made to the wife. But the term “wife” may be regarded as used to designate the person, and not the actual existing relation; or the petitioner may still be regarded as holding the relation of wife for the purpose of enforcing her claim to alimony.
In Mansfield v. McIntire, supra, a divorced wife was regarded as the widow of her former husband after his decease, and as such widow entitled to dower.
In Richardson v. Wilson (8 Yerger, 57) the legislature, at the instance of the husband, had by special act granted a divorce, dissolving the marriage. The act contained the following provision: “ That nothing in this act contained shall deprive the said Mary Ann of her right to alimony, if by law she is entitled to the same.” Upon bill, filed by the wife after the divorce, it was held under the statute of Tennessee, which, *513 as regards the point now under consideration, is substantially like our own, that she was entitled to such portion of her former husband’s estate as the court, from the nature of the case, deemed proper.
A similar principle was recognized in Crane v. Meginnis, 1 Gill & J. 464.
In Shotwell v. Shotwell (1 Sm. & M. Ch. R. 51), it was held that, where, upon the bill of the wife against the husband, a decree a vmculo matrimonii has been granted, the mere omission in that decree to provide for the alimony of the wife cannot affect the wife’s right to such provision, at a subsequent time, by a separate and distinct proceeding.
In that case the circuit court, having decreed a divorce a vinculo at the instance of the wife, the superior court of chancery took jurisdiction of a bill by the divorced wife against the husband for alimony. It is said by the Chancellor in that ease that, “ a decree for alimony results from the decree for a divorce, but is not identical with it, or a necessary part of it.”
In the subsequent progress of the case, on appeal, the prayer of the wife for alimony was denied, on the ground that, as no good reason existed for her not having asked for alimony at the time she obtained her divorce, she ought not to be allowed to assert the right in a separate forum at a subsequent period.
In the decision of the case in the court of appeals it is said by the court: “ We do not intend to intimate that there may not be cases in which an original bill, after a decree for a divorce, could be maintained for alimony, but only that the present bill shows no sufficient reason for not taking, or at least asking, such a decree from the circuit court, touching the matter now in litigation. A good reason must be alleged why the alimony was not at the proper time allowed. What will be a good reason must depend upon the facts of the ease when presented.”
In regard to the bearing of the opinion quoted, upon the' case before us, it is sufficient to say, that no stronger reasons-can arise' for recognizing the right to alimony after, divorce*. *514 than where, as is alleged in this case, the divorce was obtained upon false grounds, with no opportunity to the wife to assert the right.
For the ruling of the district court as to the effect, on appeal, of the findings of the court below, the judgment is reversed, and the cause remanded for a new trial.
Brinkerhoee, C.J., and Scott, Welch, and Day, JJ., concurred.